[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 19-14686
Non-Argument Calendar
_____

D.C. Docket No. 4:19-cr-10003-JLK-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JESUS FRANCISCO HERNANDEZ CISNEROS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(December 2, 2020)

Before JILL PRYOR, BRANCH, and LUCK, Circuit Judges.

PER CURIAM:

Jesus Cisneros appeals the 135-month sentence imposed after he pleaded guilty to conspiracy to possess with intent to distribute five kilograms or more of cocaine while on board a vessel subject to the jurisdiction of the United States, in violation of 46 U.S.C. § 70506(b). Cisneros argues that his sentence is substantively unreasonable because the district court did not properly weigh the sentencing factors set forth in 18 U.S.C. § 3553(a).

## I.    Background

As part of his plea, Cisneros stipulated to the following facts. On January 30, 2019, the United States Coast Guard intercepted a stateless go-fast vessel in international waters upon the high seas.[1] Cisneros, a Guatemalan national and the master of the vessel, and two other men, both Colombian nationals, were on board. The Coast Guard discovered 15 bales of cocaine on board, totaling 600 kilograms. All three men ultimately confessed.

Cisneros's presentence investigation report ("PSI") indicated that a well-known drug trafficker in Guatemala offered Cisneros $20,000 in U.S. currency to be the vessel's captain and transport cocaine from Colombia to Guatemala. Cisneros indicated that he participated in the offense because he needed money to take care of his mother who was very sick, and he expressed remorse for his

---

[1] The stateless vessel was subject to the jurisdiction of the United States pursuant to the Maritime Drug Law Enforcement Act (MDLEA), 46 U.S.C. § 70502(c).

actions.  The PSI also indicated that Cisneros completed the second grade in

Guatemala, but left school at the age of eight because he needed to work to help

support his family.[2]  Until the time of his arrest, Cisneros resided in a small one-

bedroom house in Guatemala with no electricity or running water.  Cisneros's

advisory guidelines range was 135 to 168 months' imprisonment.  Cisneros faced a

statutory maximum term of life imprisonment.

At sentencing, Cisneros apologized for his actions and reiterated that the

reason he participated was that his mother was very sick, and he needed the money

to help her and to feed his children.[3]  Cisneros's counsel requested a downward

variance of 60 months' imprisonment, arguing that "the people that are most

responsible for Mr. Cisneros being here are the cartel members" and that Cisneros

was just a "dispensable cog[]" in the cartel's trafficking system.  He maintained

that a 60-month sentence was also appropriate because, although this offense was

undoubtedly serious, incarcerating Cisneros for a lengthy period of time would not

deter the cartels from trafficking cocaine into the United States.  The government

requested a sentence of 135 months' imprisonment at the bottom of the guidelines

range.  The district court denied Cisneros's request for a downward variance and

imposed a sentence of 135 months' imprisonment, followed by two years of

---

[2] Cisneros was 27 years' old at the time of the underlying offense.

[3] Cisneros noted that his mother died shortly after his arrest.

3

supervised release.[4]  Cisneros's counsel objected, arguing that the sentence was substantively unreasonable and greater than necessary to achieve the purposes of sentencing.  This appeal followed.

## II.    Discussion

We review the reasonableness of a sentence under a deferential abuse of discretion standard.  *Gall v. United States*, 552 U.S. 38, 41 (2007).  The district court must issue a sentence that is "sufficient, but not greater than necessary" to comply with the purposes of 18 U.S.C. § 3553(a)(2), which include the need for a sentence to reflect the seriousness of the offense, promote respect for the law, provide just punishment, deter criminal conduct, and protect the public from future criminal conduct.  18 U.S.C. § 3553(a).  The court must also consider the nature and circumstances of the offense and the history and characteristics of the defendant.  *Id.* § 3553(a)(1).  We examine whether a sentence is substantively reasonable in light of the totality of the circumstances.  *Gall*, 552 U.S. at 51.

A district court abuses its discretion when it (1) fails to consider relevant factors that were due significant weight, (2) gives an improper or irrelevant factor significant weight, or (3) "commits a clear error of judgment in considering the proper factors."  *United States v. Rosales-Bruno*, 789 F.3d 1249, 1256 (11th Cir.

---

[4]  It was revealed at sentencing that Cisneros's codefendants also received 135-month sentences.

4

2015) (quotation omitted).  Because that rarely happens, "it is only the rare sentence that will be substantively unreasonable." *Id.* (quotation omitted). Further, we ordinarily expect a sentence within the guidelines range to be reasonable. *United States v. Talley*, 431 F.3d 784, 788 (11th Cir. 2005).  The burden rests on the party challenging the sentence to show "that the sentence is unreasonable in light of the entire record, the § 3553(a) factors, and the substantial deference afforded sentencing courts." *Rosales-Bruno*, 789 F.3d at 1256.  We will "vacate the sentence if, but only if, we 'are left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case.'" *United States v. Irey*, 612 F.3d 1160, 1190 (11th Cir. 2010) (*en banc*) (quoting *United States v. Pugh*, 515 F.3d 1179, 1191 (11th Cir. 2008)).

Cisneros argues that his 135-month sentence is substantively unreasonable because the district court failed to give proper weight to the nature and characteristics of the offense and Cisneros's personal history and characteristics. He also argues that the district court imposed a sentence that is greater than necessary to achieve the sentencing goals of § 3553(a).  In particular, Cisneros contends the district court did not give adequate weight to the fact that he is indigent, only has a second grade education, did not have any ownership interest in

5

the cocaine, and was simply being paid a lump sum to transport the cocaine for the cartel. Cisneros also notes that the average sentence for cocaine offenses is 75 months' imprisonment and statistically district courts grant downward variances 24.4% of the time, and he maintains that a downward variance was appropriate in his case.

Here, Cisneros's 135-month sentence falls at the bottom of the advisory guidelines range, which is a strong indication of reasonableness. *Talley*, 431 F.3d at 788. Further, the record establishes that the district court considered the PSI, which contained information concerning Cisneros's education, indigency, and background. The district court also considered Cisneros's allocution and arguments as to why a below-guidelines sentence of 60 months' imprisonment was appropriate. Yet the district court had discretion as to how much weight to give the various § 3553(a) factors. *See Rosales-Bruno*, 789 F.3d at 1254 (explaining that the weight to give each § 3553(a) factor "is 'committed to the sound discretion of the district court,'" and the district court "is permitted to attach 'great weight' to one factor over others" (first quoting *United States v. Williams*, 526 F.3d 1312, 1322 (11th Cir. 2008), then quoting *United States v. Shaw*, 560 F.3d 1230, 1237 (11th Cir. 2009))). Cisneros has not shown that the district court failed to consider relevant factors that were due significant weight, gave improper or irrelevant factors significant weight, or committed a clear error of judgment in considering

the factors.  *Id.* at 1256.  Moreover, Cisneros's 135-month sentence was well-below the statutory maximum, which is another indicator of reasonableness. *See United States v. Gonzalez*, 550 F.3d 1319, 1324 (11th Cir. 2008) (holding that the defendant's sentence was reasonable in part because it was well below the statutory maximum).  Cisneros's sentence was also identical to that of his codefendants.  Accordingly, we are not "left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case."  *Irey*, 612 F.3d at 1190 (*en banc*) (quotation omitted).

Therefore, we conclude that Cisneros's sentence is substantively reasonable, and we affirm.

**AFFIRMED.**